Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

District of _____

Division

**FILED**
2019 MAR -7 P 2:42
U.S. DISTRICT COURT
NEW HAVEN, CT.

Matthew LaVecchia
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Milford Board of fire commissioners
Douglas A Edo, Gary R Baker
Bernard L Bagley
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 3:19cv337 (VLB)
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.   The Parties to This Complaint**

**A.   The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew LaVecchia |
| Street Address | 1049 Naugatuck ave |
| City and County | Milford CT |
| State and Zip Code | CT 06461 |
| Telephone Number | (203) 809-1945 |
| E-mail Address | MattLaVecchia@gmail.com |

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Milford Board of fire commissioners
- Job or Title (if known):
- Street Address: 72 New Haven ave
- City and County: Milford
- State and Zip Code: CT 06460
- Telephone Number: (203) 874-6321
- E-mail Address (if known):

Defendant No. 2
- Name: Douglas A. Edo
- Job or Title (if known): Fire chief
- Street Address: 72 New Haven ave
- City and County: Milford
- State and Zip Code: CT 06460
- Telephone Number: (203) 874-6321
- E-mail Address (if known):

Defendant No. 3
- Name: Gary R. Baker
- Job or Title (if known): Assistant chief of operations
- Street Address: 72 New Haven ave
- City and County: Milford
- State and Zip Code: CT 06460
- Telephone Number: (203) 874-6321
- E-mail Address (if known):

Defendant No. 4
- Name: Bernard L. Begley
- Job or Title (if known): Assistant chief of Fire Marshal
- Street Address: 72 New Haven ave
- City and County: Milford
- State and Zip Code: CT 06460
- Telephone Number: (207) 874-6321
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Milford Fire Department |
| Street Address | 72 New Haven ave |
| City and County | Milford |
| State and Zip Code | CT 06460 |
| Telephone Number | (203) 874-6321 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) ~~Yes Ma~~ See Attachment

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

See Attachment

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

_See Attachment_

(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date)

_See Attachment_

B. The Equal Employment Opportunity Commission (check one):

☒ MSL  has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on (date) _____

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct (check one):

☒ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_See Attachment_

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/5/2019

Signature of Plaintiff: *Matthew LaVecchia*
Printed Name of Plaintiff: Matthew LaVecchia

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

### Affidavit of Retaliation for Filing a CHRO Complaint in 2016

1. My Name is Matthew Stephen LaVecchia and I reside at 1080 Naugatuck Avenue, Milford Connecticut 06461. **1049**

2. The Respondent is the Milford Fire Department, Board of Fire Commissioners, Fire Chief, Assistant Fire Chief's and City Attorney's Office, Located at 72 New Haven Avenue, Milford, Connecticut, 06460.

3. The Respondent employs more than 115 persons.

4. Retaliation for file a Commission on Human Rights and Opportunity complaint on or about December 20,2016 (Case no. 1630505)

5. Retaliation led to the termination of Matthew LaVecchia without just cause.

- Items leading up to termination: CHRO Case Number 1630504

6. **The Milford Fire Department has failed to abide to the following Terms and Conditions of the Settlement Agreement regarding CHRO Case Number 1639504.**

- **Statement of Facts #1**

7. Item Two (2) of the 2016 Settlement Agreement

As stated in the settlement agreement, the Milford Fire Department (MFD) failed to provide mandated ADA sensitivity training to MFD employees under the auspice of the CHRO Commission.

8. Item Three (3) of the 2016 Settlement Agreement

Items stated to be removed by the CHRO Agreement from Matthew LaVecchia's personnel file have not been removed.
Matthew LaVecchia requested several times to have documents removed from his personnel file to no avail. On February 26, 2018 Matthew LaVecchia requested to see his personnel file and was told by Assistant Chief Begley that he was not to remove any item.

9. Item Four (4) of the 2016 Settlement Agreement

Matthew LaVecchia was reinstated on the Dive Team per the CHRO agreement, but when a dive emergency call went out, Matthew was told they had enough divers. Past practice for dive emergencies would include all divers available because of the number of divers needed at a dive scene.

10. Item Five (5) of the 2016 Settlement Agreement

The CHRO Agreement stated Matthew LaVecchia was to be qualified on Tower One and all other Ladder Trucks. Matthew LaVecchia was offered no additional training on any apparatus. After the CHRO Settlement Agreement, Matthew LaVecchia reviewed the Master Qualification List which showed that he was qualified on all department apparatus including Tower One and all the Ladder Trucks. When Matthew called Battalion Chief Zak to accept an overtime assignment on Tower 1, Matthew was told by BC Zak that he would have to get back to him. When BC Zak called Matthew back, Zak told Matthew that he was not qualified on Tower 1 and could not bid for the assignment.

11. Matthew's current job description, Assistant Superintendent of Apparatus, not only requires him to drive and operate all department vehicles and apparatus, it also states, "Shall assist with the giving instructions to the fire fighters in the operations and care and care of apparatus. Matthew has received no additional training on apparatus and is still not qualified on Tower 1, the other Ladder Trucks and new apparatus purchased after the settlement agreement.

- 2017 Collective bargaining between the City of Milford and Local 944, Milford Professional Firefighters resulted in the elimination of Acting Pay for Staff Positions. Matthew would have received this pay when the Superintendent of Apparatus was off work for any reason and Matthew performed the duties of Superintendent.

12. This CBA also lowered the pay for future Superintendents and Assistant Superintendents (Not including Matthew LaVecchia). By terminating Matthew, the Milford Fire Department could realize this savings before Matthew retired.

13. Assistant Chief Begley is the Chief Officer that oversees the apparatus repair shop. Superintendent of Apparatus Joe Widman is in charge of the daily operations of the apparatus repair shop and Matthew LaVecchia's supervisor. It was not routine for Assistant Chief Begley to stop at the repair shop unless he had business with the Superintendent. Whenever Superintendent Widman was off duty, it was common for Assistant Chief Begley to stop at the repair shop without any business. This lead Matthew to believe he was stopping by to try and catch him not working (note: whenever Begley showed up Matthew was always busy working giving him no reason to stay at the repair shop).

**Statement of Facts # 2**

14. On or about February 14, 2018, Matthew LaVecchia was arrested for an off duty assault.

    Matthew professes his innocence as this was a case occurred between two high school friends where the other party initiated the confrontation.
    Matthew was terminated by the Board of Fire Commissioners from charges filed by Fire Chief Edo on April 19, 2018. Chief Edo sited a prior discipline from August 10,2010, totally unrelated to the February 14, 2018, arrested, as the reason to termination.

15. On February 16,2018, Matthew LaVecchia received discipline from Fire Chief Edo by being removed from his promotion assignment and received a letter of reassignment. Note: This is a violation of the collective bargaining agreement and the Union has filed a grievance.

16. Again on April 9,2018, Matthew LaVecchia received further discipline of suspension without pay prior to a termination hearing.

17. Matthew LaVecchia was denied his rights of due process before these two disciplines were administered.

18. Disciplined administered after the arrest was in violation the Collective Bargaining Agreement between the City of Milford and Milford Professional Firefighters.

19. Initial discipline violated the reason Matthew filed the CHRO complaint in 2016 by taking him out of the Repair Shop where his duties included repair of department apparatus and placing him on administrative duties (Paper Work) in a confined room in Fire Headquarters.

20. Matthew was never requested or given an opportunity to give a statement on his behalf to the Board of Fire Commissioners prior to the termination hearing. Note: The Board of Fire Commission met three times publicly, prior to this meeting without notifying Matthew.

21. The Rules and Regulations he was charged with by Chief Edo were not applied even handedly and without discrimination.

22. The Rules and Regulations he was charged with by Chief Edo do not even apply to the issues and reason Matthew LaVecchia was terminated.

23. The termination was administered before the court case was concluded.

24. The Rules, Orders and Penalties were applied with discrimination.

- **Statement of Facts regarding Connecticut Freedom of Information violations:**

To: Freedom of Information Commission
From: Matthew LaVecchia
   1049 Naugatuck Avenue, Milford, Connecticut 06461
**Subject: FOI Complaint toward the Milford Fire Department, Board of Fire Commissioners, Fire Chief and City Attorney.**

On or about February 15 2018 Matthew LaVecchia notified Fire Chief Edo in the present of, Assistant Chiefs Baker and Bagley and Local 944, Union President Jeff Luciano, that he was involved in an altercation and was arrested on February 14,2018.

About a week later Matthew LaVecchia received a letter from Fire Chief Edo dated February 16, 2018 stating he was being removed from by assigned position, Assistant Superintendent of Apparatus and assigned to desk duty at Fire Headquarters. The letter also stated: The City Attorney's Office, Human Resources Director, as well the Fire Commission will be notified of this incident.

At this time, Matthew LaVecchia is only aware that the Board of Fire Commissioners met at regular and special public meetings, Other than the agenda's and minutes listing New Business – Executive Session, Unfinished Business – Executive Session, Matthew LaVecchia is unaware of any other meetings that the Commission held where a quorum existed and the meeting was not posted publicly.

**This Complaint alleges that the Board of Fire Commission violated Matthew LaVecchia's rights and procedural rules of the Freedom of Information Commission.**

(6) "Executive sessions" means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (A) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting;

<u>Violations</u>

22.    **Matthew LaVecchia was not given notice of a meeting rescheduled on February 22, 2018 if the Board of Fire Commission intended to discuss him and or have any or all discussion held about him in open session.**

23.    **Note: This regular scheduled meeting was set for February 20, 2018 and rescheduled for February 22,2018 with no agenda posted for either day.**

**24.    Note: The minutes of this meeting were posted online and stated under Item 8 New Business, a. Executive Session (Personnel Matter). Under FOI regulations this is a lack of information for going into Executive Session.**

(b)(1) Any person denied the right to inspect or copy records under section 1-210 or wrongfully denied the right to attend any meeting of a public agency or denied any other right conferred by the Freedom of Information Act may appeal therefrom to the Freedom of Information Commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed not later than thirty days after such denial, except in the case of an unnoticed or secret meeting, in which case the appeal shall be filed not later than thirty days after the person filing the appeal receives actual or constructive notice that such meeting was held. For purposes of this subsection, such notice of appeal shall be deemed to be filed on the date it is received by said commission or on the date it is postmarked, if received more than thirty days after the date of the denial from which such appeal is taken.

EXECUTIVE SESSIONS

I. AN AGENCY MAY CLOSE CERTAIN PORTIONS OF ITS MEETINGS BY A VOTE OF 2/3 OF THE MEMBERS PRESENT AND VOTING. THIS VOTE MUST BE CONDUCTED AT A PUBLIC SESSION.

Meetings to discuss the following matters may be closed: specific employees (unless the employee concerned requests that the discussions be open to the public); strategy and negotiations regarding pending claims and litigation; security matters; real estate acquisition (if openness might increase price); or any matter that would result in the disclosure of a public record exempted from the disclosure requirements for public records.

Any business or discussion in a closed session must be limited to the above areas.

The agency may invite persons to present testimony or opinion in the executive session, but their attendance must be limited to only the time necessary for that testimony or opinion.

Thursday, February 22, 2018
Board of Fire Commission, Meeting Minutes
Item 8 , New Business, a. Executive Session (Personnel Matter)
Commissioners Stein and Brennan made and seconded a motion to enter into Executive Session for the purpose of discussing a personnel matter. Motion carried unanimously.
Commissioners went into Executive Session at 7:30.
The Commission invited Chief Edo, Assistant Chiefs Baker and Begley and City Attorney Jonathan Berehen into Executive Session at 7:40.
The Commission came out of Executive Session at 8:35. Commissioner Stein noted that no votes were taken while in Executive Session.

**Violations**
25.    Note: The Commission invited Chief Edo, Assistant Chiefs Baker and Begley and City Attorney Jonathan Berchem for 55 minutes violating FOI regulations The agency may invite persons to present testimony or opinion in the executive session, but their attendance must be limited to only the time necessary for that testimony or opinion

March 2018 regular scheduled meeting on March 20,2018 held at Fire Headquarters was called to order at 1915 hours.
After Item 7, Chiefs Report, a motion to re-order the agenda and move item VIII , New Business to end of meeting.
In New Business Commissions went into Executive Session (Personnel Matter) at 7:29
At 7:44 Commissioner invited Chief Edo, Assistant Chiefs Baker and Begley and City Attorney Jonathan Berchem.
Commissioners came out of Executive Session at 9:15, (Note: Commissioner's in Executive Session with all invited parties for 1 hour and 31 minutes)
Violations-
26. All the violations that occurred at the February meeting except for not posting the agenda were repeated at the March meeting.

**A Special Meeting scheduled for April 12,2018 and rescheduled for April 19,2018 @ 7:15 with agenda posted. At this meeting several similar FOI violations occurred. I was terminated without the department (Fire Chief), demonstrating just cause. Note: At the time of termination I was already punished twice for the incident that occurred, transferred from my position (Assistant Superintendent of Apparatus and receiving a suspension without pay.**

On August 14, 2018, the first Freedom of Information complaints were heard by the agency's hearing officer with Fire Chief admitting to several FOI violations. These FOI violations have been filed against the Fire Chief, Milford Board of Fire Commission and that the City Attorney participated in these violations the penalties requested include:

　　　Violation:
27. No agenda posted for the April 12, 2018 meeting

　　　Violation:
28. Insufficient information of item 2. Personnel Matter

The April 17,2018 Regular Meeting of the Board of Fire Commissioners agenda list the same violations.

　　　Violation:
29. Item VIII Unfinished Business
　　　　　a) Personnel Matter
　　　　　b) Executive Session

From this Freedom of Information complaint I am requesting:

1. Full disclosure in writing from all members, of all items discussed in all Executive Sessions, in detailed including who said what and any responses to statements made.

2. All actions taken regarding these meetings be declared null and void.

3. As Matthew LaVecchia feel this is in retaliation by the Board of Fire Commissioners, Fire

Chief Edo, Assistant Chiefs Baker and Bagley and City Attorney Jonathan Berchem against me for filing a CHRO complaint in 2016 and the fact that the Fire Chief has violated my rights under:

1. Connecticut Municpal Employee Relations Act (MERA).

2. IAFF Local 944 Union Labor Contract.

3. Four (4) Board of Fire Commissioners Public Meetings in violation of Connecticut Freedom of Information meeting regulations.

4. The fact that the Milford Fire Department failed to uphold the CHRO Agreement.

5. The fact that the Milford Fire Department conducted no investigation and per national standards failed to meet the burden of proof for just cause termination.

Matthew Stephen LaVecchia request the following CHRO Remedies:

1. Require the Milford Fire Department to make whole the 2016 CHRO Settlement Agreement regarding EEOC CHARGE NO. 16A-2016-0196 and FEOC CHARGE NO. 1630504.
2. Made whole for the position of Superintendent Of Apparatus with the current Job Description.
   Note: At time of termination, Matthew LaVecchia held the position of Assistant Superintendent of Apparatus. The current Labor Contract requires the Assistant Superintendent of Apparatus to become the Superintendent of Apparatus upon the retirement of the Superintendent. The current Superintendent of Apparatus has applied for retirement.
3. Receive training and certifications needed to perform the duties for the position of Superintendent of Apparatus with the current Job Description.
4. The current supervisor of the Superintendent of Apparatus is one of the two Assistant Fire Chief's. Matthew LaVecchia requests the CHRO Commission require the Fire Department to assign the duties of supervision of the Repair Shop to one of the two Administration Battalion Chief's.
5. That the six months' probation period be waved.
6. Made whole on all wages including Back Pay, Overtime, Acting Pay and Bonuses.
7. That all future wages including Back Pay, Overtime, Acting Pay and Bonuses per the Labor Contract , Job Description, and Rules and Regulations be afforded Matthew LaVecchia.
8. That the Board of Fire Commissioners. Fire Chief, and Assistant Fire Chiefs Cease and Dismiss any and all harassment toward Matthew LaVecchia.
9. Compensate Matthew LaVecchia for any and all legal fees and miscellaneous fees associated with his Termination , CHRO complaint and Freedom of Information complaint.

*[Signature]*
Matthew LaVecchia

Signed before Me on this 23rd day of August, 2018

*[Signature]*
MICA NOTZ
Notary Public, State of Connecticut
My Commission Expires Feb. 28, 2019

EEOC Form 161 (11/16)                **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Mathew Lavecchia**
1049 Naugatuck Ave.
Milford, CT 06461

From: **Boston Area Office**
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2019-00232 | Linda E. Ingle, Investigator | (617) 565-3194 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

Feng K. An,
Area Office Director

DEC 1 3 2018
(Date Mailed)

Enclosures(s)

cc: **Director of Human Resources**
**City of Milford Fire Department**
72 New Haven Avenue
Milford, CT 06460