UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTHEW LAVECCHIA | : | |
|     Plaintiff, | : | |
| | : | No. 3:19-cv-337 (VLB) |
| v. | : | |
| | : | |
| MILFORD BOARD OF FIRE | : | October 3, 2019 |
| COMMISSIONERS, ET AL., | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF No. 1]**

Before the Court is a Motion to Dismiss the Plaintiff Matthew LaVecchia's Complaint, [ECF No.1], brought by Defendants Milford Board of Fire Commissioners ("the Board"), Fire Chief Douglas E. Edo, Assistant Chief of Operations Gary R. Baker, and Assistant Chief of Fire Marshal Bernard R. Begley (collectively "Defendants"). [ECF No. 14]. For the reasons set forth herein the Defendants' Motion to Dismiss against the individual defendants will be GRANTED with prejudice. The Defendants' Motion to Dismiss against the Board will be GRANTED without prejudice to the Plaintiff filing an Amended Complaint by October 24, 2019 sufficient to state a plausible claim for relief under the Americans with Disabilities Act ("ADA") against the Board.

I. <u>Plaintiff's Complaint</u>

Plaintiff's *pro se* Complaint, which was filed on March 7, 2019, consists of a partially filled out Pro Se Form 7 Complaint for Employment Discrimination, with an attached notarized "Affidavit of Retaliation for Filing a CHRO Complaint in

2016."  [ECF No. 1 at 7-13].  The Complaint also attaches a "Dismissal and Notice of Rights" signed by U.S. Equal Employment Opportunity Commission ("EEOC") Area Office Director Feng Kenneth An on December 13, 2018, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."  *Id.* at 14.  The EEOC Notice also states that "This does not certify that the respondent is in compliance with the statutes.  No finding has been made as to any other issues that might be construed as having been raised by this charge."  *Id.*  Finally, the EEOC Notice informs the Plaintiff that he has 90 days in which to file suit.  *Id.*

On the Pro Se Form 7 portion of his Complaint, Plaintiff checked the box indicating that it was the ADA that formed the "Basis for Jurisdiction."  *Id.* at 3.  In the "Statement of Claim" section, Plaintiff checked boxes for "[t]ermination of my employment," "[f]ailure to promote me," "[f]ailure to accommodate my disability," "[u]nequal terms and conditions of my employment, and "[r]etaliation."  *Id.* at 4.  The remainder of the applicable blocks on Plaintiff's Pro Se Form 7 are filled in with "See Attachment."  *Id.* at 4-5.

Plaintiff's affidavit entitled "Affidavit of Retaliation for Filing a CHRO Complaint in 2016" alleges that he filed a Complaint with the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") in December 2016, and

that filing that Complaint caused Defendants to retaliate against him by terminating him without just cause.[1] [ECF No. 1 at 7].

The facts that Plaintiff alleges in support of this conclusion are as follows. First, in a section entitled "Statement of Facts #1," Plaintiff alleges that the 2016 CHRO Complaint was resolved and memorialized in a settlement agreement. *Id.* Plaintiff alleges that the terms and condition of that agreement were violated by Defendants by the Milford Fire Department ("MFD") not providing "ADA sensitivity training to MFD employees," certain items in Plaintiff's personnel file not being removed therefrom, non-use of Plaintiff by the MFD dive team, and Plaintiff not being trained, qualified and used as an operator of certain MFD fire apparatus. *Id.* at 7-8. Plaintiff also argues apart from the settlement agreement violations that (i) a 2017 collective bargaining agreement ("CBA") between the City of Milford and the firefighters' union eliminated "Acting Pay," which Plaintiff might have been entitled to, (ii) he was terminated to save the MFD money before he retired, and that (iii) Defendant Begley tried unsuccessfully to catch Plaintiff slacking on the job. *Id.* at 8.

Second, in a section entitled "Statement of Facts #2," Plaintiff alleges that on February 14, 2018, he was "arrested for an off duty assault," which Plaintiff claims was actually initiated by an old high school friend. *Id.* at 9. This led to

---

[1] Plaintiff does not expressly state what the basis for the 2016 CHRO Complaint was, but as discussed *infra*, later in his affidavit Plaintiff makes a cryptic reference to it that potentially sheds some light on this question.

3

Plaintiff being "removed from his promotion assignment" and reassigned,[2] suspended without pay, and eventually terminated, without proper due process protections being afforded and in a way that was not even-handed and that was discriminatory. *Id.* at 9-10. Plaintiff also alleges that the Board committed several freedom of information violations for, *inter alia*, holding improper executive sessions. *Id.* at 10-12. Finally, Plaintiff asks that the Court enforce the 2016 settlement agreement, promote him because his boss is retiring, force the MFD to perform certain personnel actions, provide him with back pay, order the Defendants to stop harassing him, and pay his legal fees and costs. *Id.* at 13.

II. <u>Defendant's Motion to Dismiss</u>

Defendant's Motion to Dismiss, [ECF No. 14], first argues that the ADA does not provide for individual liability and that therefore the three individual defendants, Edo, Baker, and Begley should be dismissed from the case, leaving only the Board. *Id.* at 5-6.

Defendants next argue that Plaintiff's discrimination claims under the ADA are not plausible, for several reasons. First, Defendants argue that Plaintiff has not alleged that he is disabled, which Defendants claim is required under the ADA. *Id.* at 6-9. Second, Defendants argue that other than his termination, Plaintiff has not alleged that he has suffered an "adverse employment action," which Defendants claim is also required by the ADA. *Id.* at 10-14. Third, Defendants argue that Plaintiff has not alleged "causation," meaning that Plaintiff has not alleged that an

---

[2] Plaintiff states that his reassignment "violated the reason [Plaintiff] filed the CHRO complaint in 2016." [ECF No. 1 at 9]. The Court is unsure what that means.

4

adverse employment action that Plaintiff has suffered was "caused" by his disability, or the Defendants' perception of it. *Id.* at 14-16. Specifically, Defendants argue that the Plaintiff's allegations seem to indicate that the cause of Plaintiff's termination was the assault that occurred in February 2018, not because of discrimination based on a disability Plaintiff had, or Defendants' perception of Plaintiff's disability. Lastly, Defendants argue that Plaintiff has not sufficiently pled a failure to promote or a reasonable accommodation claim because of a lack of "any allegations" concerning either. *Id.* at 16-18.

Finally, Defendants argue Plaintiff's ADA retaliation claim is implausible, because "plaintiff has not set forth any allegations causally connecting his [2016 CHRO] complaint and the challenged employment actions [i.e. termination]," *id.* 18-20, and because the time period between the 2016 CHRO Complaint and his termination was too great under existing caselaw. *Id.*

Plaintiff has failed to respond to Defendants' Motion to Dismiss and the time for doing so has long since passed. [ECF No. 14 (setting response to Defendants' Motion to Dismiss due by August 8, 2019)].

III. <u>Legal Standard</u>

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow

5

a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

"Plaintiff's pro se pleadings are 'to be liberally construed . . . [and], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Ivanov v. New York City Transit Auth.*, No. 13 Civ. 4280 (PKC),

2014 U.S. Dist. LEXIS 79614, at *12 (S.D.N.Y. June 5, 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

IV. <u>Analysis</u>

A. Individual Liability

The Court agrees with the Defendants that under the ADA, individual liability is not available. *Corr v. MTA Long Island Bus*, No. 98-9417, 1999 U.S. Ap.. LEXIS 25058, at *5 (2d Cir. Oct. 7, 1999) ("We . . . agree with the district court that . . . there is no right of recovery against individual defendants under the ADA.") (citing *Tomka v. Seiler Corp.*, 66 1295, 1314 (2d Cir. 1995)); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) ("[I]n the context of employment discrimination, the retaliation provision of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., . . . cannot provide for individual liability."); *Corr v. MTA Long Island Bus*, 27 F. Supp. 2d 359, 370 (E.D.N.Y. 1998) ("In light of *Tomka*, and the overwhelming authority in the Second Circuit construing *Tomka* as prohibiting individual liability under the ADA, Plaintiff's ADA claim against [individual defendants] must be, and hereby is, dismissed."); *Sherman v. Cnty. Of Suffolk*, 71 F. Supp. 32 332, 343 (E.D.N.Y. 2014) ("[A]n individual is . . . not an 'employer' under the ADA and, therefore, may not be liable for disability discrimination. . . . Similarly, an individual may not be liable under the retaliation provision of the ADA") (citing *Spiegel*, 604 F.3d at 79); *Ivanov*, 2014 U.S. Dist. LEXIS 79614, at *14 (same) (citing cases).

Although the Court is mindful that it must construe Plaintiff's *pro se* Complaint liberally due to not being drafted by lawyers, there is no amount of artful

7

pleading that could change the caselaw unanimously holding that individual defendants are not liable under the ADA. For this reason, Defendants' Motion to Dismiss to individual Defendants Edo, Baker, and Begley is GRANTED with prejudice. Defendants Edo, Baker, and Begley are hereby terminated from this action.

### B. Plaintiff's ADA Disability Discrimination Claim

The Court agrees with Defendants that Plaintiff's Complaint does not plausibly state a disability discrimination claim for relief under the ADA.

First, the Court is not sure that his Complaint even asserts an ADA disability discrimination claim. As noted, Plaintiff checked the box that said that he was terminated, not promoted, not reasonably accommodated, suffered unequal terms and conditions of employment, and was retaliated against because of his disability, but his affidavit only addresses his retaliation claims.

"[T]o establish a prima facie [discrimination] case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action[3] because of his disability." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013). Therefore, Plaintiff's Complaint must plausibly allege facts regarding each of the

---

[3] Defendants concede that Plaintiff's termination, at least, was an adverse employment action. [ECF No. 14 at 10 n.4].

8

four elements of an ADA disability discrimination claim. Here, at a minimum, Plaintiff has not alleged that he was disabled nor that he suffered adverse employment action *because of his disability*.

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff does not allege that he is disabled in a way that substantially limited one of his major life activities or that his employer regarded him as disabled. That is fatal to his complaint. In fact, Plaintiff's Complaint implies that Plaintiff is not disabled, in that Plaintiff complains about his reassignment from a repair shop job to one involving "administrative duties (Paper Work) in a confined room in Fire Headquarters." [ECF No. 1 at 9].

As to the fourth element of an ADA disability discrimination regarding causation, Plaintiff must allege that his termination or some other adverse employment action was *caused* by Defendants discrimination against him because of his disability. In his Complaint, Plaintiff had to, at a minimum, allege facts that "give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Nowhere does Plaintiff allege that he was terminated because Defendants were discriminating against him *because of his disability.* In fact, Plaintiff seems to allege that he was terminated improperly after and because of his arrest for assault. [ECF No. at 9-13]. That too is fatal to Plaintiff's claim.

9

Lastly, to the extent Plaintiff is asserting a failure to promote claim, a reasonable accommodation claim, or a unequal terms and conditions of employment claim, his Complaint is insufficient.

Plaintiff had to allege, for his failure to promote claim, that "(1) [he] is a member of a protected class [i.e. he is disabled]; (2) [he] applied for and was qualified for a job for which the employer was seeking applicants; (3) [he] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 226 (2d Cir. 2004). Plaintiff makes only one claim in this regard, that he was "removed from his promotion assignment." [ECF No. 1 at 9]. That is nowhere near enough to plausibly state a failure to promote claim.

Plaintiff had to allege, for his reasonable accommodation claim, that "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan*, 711 F.3d at 125-26. Plaintiff makes no allegations whatsoever regarding Defendants' refusal to make accommodations for his disability. His Complaint in this regard is wholly insufficient.

Plaintiff had to allege, for his terms and conditions of employment claim, that "there were other similarly situated employees, outside of the protected class, who engaged in conduct substantially similar to that of plaintiff but received preferential treatment." *Smith v. St. Luke's Roosevelt Hosp.*, No. 08 Civ. 4710 (GBD) (AJP),

2009 U.S. Dist. LEXIS 69995, at *82 (S.D.N.Y. Aug. 11, 2009); see also *Vanhorne v. New York City Transit Auth.*, 273 F. Supp. 2d 209, 216 (E.D.N.Y. 2003). In other words, Plaintiff had to allege that there were other MFD employees who were not disabled that were treated differently. Here, as in the reasonable accommodation claim, Plaintiff makes no allegations whatsoever regarding Defendants' unequal treatment of him because of his disability.

### C. Plaintiff's ADA Retaliation Claim

The ADA prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. To establish a prima facie case of retaliation, a plaintiff must show that: "(i) [he] was engaged in protected activity[4]; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (citation omitted).

Although Plaintiff calls the affidavit portion of his Complaint "Affidavit of Retaliation for Filing a CHRO Complaint in 2016," he makes no factual allegations actually plausibly alleging that the 2016 CHRO Complaint caused Defendants to retaliate against him. In fact, Plaintiff states that the reason for his termination,

---

[4] Plaintiff's filing of his 2016 CHRO Complaint is a "protected activity" under the ADA.

according to Chief Edo, was from prior discipline he suffered in August 2010. [ECF No. 1 at 9]. And the other allegations Plaintiff makes seem to indicate that it was Plaintiff's February 2018 assault that was the primary driver of his allegedly improper termination. There are simply no allegations, beyond a bald conclusion that the Court is not required to credit, that Defendants retaliated against him for his 2016 CHRO Complaint. "Pleadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth.'" *Hayden*, 594 F.3d at 161 (quoting *Iqbal*, 556 U.S. at 679).

V.  Conclusion

For the foregoing reasons Defendants' Motion to Dismiss against the individual defendants will be GRANTED with prejudice. Defendants Edo, Baker, and Begley are terminated from this case. The Defendants' Motion to Dismiss against the Board will be GRANTED without prejudice to the Plaintiff filing an Amended Complaint by October 24, 2019 sufficient to state a plausible claim for relief under the Americans with Disabilities Act ("ADA") against the Board.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Hon. Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: October 3, 2019